67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Laurinda COLE, Plaintiff-Appellant,
v.
CITY OF MILWAUKEE, Milwaukee Fire and Police Commission,
Milwaukee Police Department, et al., Defendants-Appellees.
 No. 92-2583.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 15, 1995.*
Decided Sept. 20, 1995.
 
 Before CUMMINGS, BAUER and KANNE, Circuit Judges.
 
 ORDER
 
 1
 A section 1983 civil rights action based on an injury occurring in Wisconsin is governed by Wisconsin's generous six-year statute of limitations for injuries to personal rights. Kuemmerlein v. Board of Education, 894 F.2d 257 (7th Cir.1990); Gray v. Locke, 885 F.2d 399 (7th Cir.1989). Appellant Laurinda Cole filed her section 1983 complaint on December 24, 1991. All claims based on her arrest in July of 1985, including those of sexual misconduct, occurred more than six years earlier. The district court, therefore, properly concluded that the statute of limitations barred these claims.
 
 
 2
 Cole's malicious prosecution claims fare no better. A suit alleging a deprivation of the right to be free from criminal prosecution except upon probable cause cannot be brought under the fourteenth amendment's due process clause, but must be brought under the fourth amendment. Albright v. Oliver, 114 S.Ct. 807 (1994). Further, in the absence of incarceration or other palpable consequences, of which Cole makes no allegations, malicious prosecution does not give rise to a federal constitutional claim; malicious prosecution, standing alone, cannot violate the Constitution. Albright v. Oliver, 975 F.2d 343, 347 (7th Cir.1992), aff'd on other grounds, 114 S.Ct. 807 (1994). We express no view as to whether Cole's claim would succeed under state law.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record